UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Scott Neal,<br>        *Plaintiff*,<br><br>        *v.*<br><br>Scapa North America,<br>        *Defendant.* | Civil No. 3:09cv1171 (JBA)<br><br><br><br>May 11, 2010 |

ORDER OF REMAND

Plaintiff Scott Neal originally brought suit in June 2008 in Connecticut Superior Court

against Defendant Scapa North America ("Scapa"), his former employer, alleging that after he

injured himself on the job in 2003, and again in 2007, Scapa retaliated against him by treating him

differently and refusing to give him the light work he was capable of performing.[1]  Neal claimed that

in so doing Scapa violated the state Workers' Compensation Act, Conn. Gen. Stat. § 31-290a.  (1st

Compl., Ex. A to Not. Remov. [Doc. # 1], at ¶¶ 1–23.)  A year later, Neal amended his complaint to

add federal– and state–law claims that Scapa also discriminated against him on the bases of age and

physical disability, and retaliated against him, in violation of the Connecticut Fair Employment

Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.*, the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§ 12101 *et seq.*  (1st Am. Compl., Ex. B to Not. Remov., at Counts 2 & 3.)  The amended complaint

being the "paper . . . from which it [could] first be ascertained that the case [was] one which is or has

---

[1] In the Superior Court of Connecticut, Judicial District of Hartford, at Hartford, the case
bore Docket Number HHD–CV08-4038761-S.

become removable," 28 U.S.C. § 1446(b), Scapa thereafter removed the case to federal court on the basis of federal–question jurisdiction. (*See* Not. Remov. at 1–2 (citing 28 U.S.C. §§ 1331 and 1441).)

Plaintiff immediately moved to remand, arguing that because he had not received a right-to-sue letter from the Equal Employment Opportunity Commission, the Court did not have jurisdiction over the federal claims. At a hearing on September 28, 2009, Plaintiff took the position that his inclusion of the ADEA and ADA claims was "in error" and accidental, and he asserted a desire to amend the complaint to withdraw them. The Court denied the motion to remand without prejudice to renew and granted Plaintiff leave to amend his complaint to omit the federal–law claims. Plaintiff thereafter filed a Second Amended Complaint that included the state–law claims under both the Worker's Compensation Act and CFEPA but omitted the federal–law claims. (*See* 2d Am. Compl. [Doc. # 14].)

Plaintiff now moves to remand again, arguing that the Court lacks subject–matter jurisdiction. *See* 28 U.S.C. § 1447(c) (motion to remand may be filed more than 30 days after removal if basis of motion is lack of subject–matter jurisdiction). It is undisputed that the well-pleaded Second Amended Complaint contains no federal cause of action. Defendant asserts that under Federal Rule of Civil Procedure 15(a) Plaintiff required leave of the Court to file his Second Amended Complaint, and argues that the Court should not grant leave to amend unless it dismisses the federal claims "*with prejudice*" under Federal Rule of Civil Procedure 41. (Defs.' Response & Mot. for Sanctions [Doc. ## 16, 17] at 1.) This argument is unavailing because the Court granted Plaintiff leave to amend during the hearing on September 28, 2009 (*see* Oral Arg. Tr. at 9–10 ("If you want to file an amended complaint, you can do so")), and therefore Defendant's objection is moot

and the Second Amended Complaint, properly before the Court, is operative.  This complaint

contains no federal claims, so the Court cannot dismiss them, whether with or without prejudice.[2]

Because the parties agree that the Second Amended Complaint contains no federal claim,

and because the parties are not diverse,[3] there is no basis on which the Court may exercise

subject–matter jurisdiction, and the case must be remanded.  Scapa makes no argument that the

Court should exercise supplemental jurisdiction over the state–law claims pursuant to 28 U.S.C.

§ 1367 notwithstanding the elimination of the federal–law claims, and the Court declines to do so.

*See* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the

jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise non–removable

claims or causes of action, the entire case may be removed and the district court may determine all

issues therein, or, in its discretion, may remand all matters in which State law predominates."); *cf.*

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (observing that the Second Circuit

"has held, as a general proposition, that 'if [all] federal claims are dismissed before trial . . ., the state

claims should be dismissed as well'" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

---

[2] In any event, it is far from clear that the Court could have dismissed the federal–law claims with prejudice.  Rule 41(a) provides a court with authority to "dismiss an action" with prejudice, as Scapa seeks in this case, but Plaintiff's withdrawal of a claim occurred under Rule 15(a), which does not provide the Court the authority to dismiss with prejudice.  *See, e.g., Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122, 129 (D. Conn. 2005) ("[A] plaintiff wishing to eliminate some but not all claims or issues from the action should amend the complaint under Fed. R. Civ. P. 15(a), rather than dismiss under Fed. R. Civ. P. 41(a)." (citing *Moore's Federal Practice* § 41.21[2] (Matthew Bender 3d ed. 2004)).

[3] According to the Second Amended Complaint, Plaintiff is a Connecticut citizen and Scapa is corporation incorporated in and with a principal place of business in Connecticut.  (2d Am. Compl. at ¶¶ 1, 2.)  Thus, the parties are not diverse, and the Court may not exercise subject–matter jurisdiction on this basis.  *See* 28 U.S.C. § 1332.

726 (1966), alteration in *Uzan*)).  This principle applies with special force here, since the removal

statute specifically makes nonremovable "[a] civil action in any State court arising under the

workmen's compensation laws of such State," 28 U.S.C. § 1445(c), and as noted above, Neal asserts

a claim under Connecticut's Workers' Compensation Act.[4]

The removal statute provides that "[a]n order remanding the case may require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

U.S.C. § 1447(c).  "[F]ee shifting" is not "automatic;" the statute leaves "an award of fees . . . to the

district court's discretion, with no heavy congressional thumb on either side of the scales," and an

award should be made only when it serves the "large objectives" of the statute, which "recognize the

desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the

opposing party, while not undermining Congress' basic decision to afford defendants a right to

remove as a general matter, when the statutory criteria are satisfied."  *Martin v. Franklin Capital

Corp.*, 546 U.S. 132, 141 (2005).  Awards may be appropriate in "unusual circumstances," including

"a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction."

*Id.*

Scapa argues that "[P]laintiff's pleading gaffe resulted in [its] incurring legal and filing fees"

whose cost it "should not have to absorb."  (Defs.' Mot. Sanctions at 2.)  Neal's arguments against

awarding fees and costs to Scapa are not compelling.  Plaintiff's assertion that the two federal claims

[4] Because the Court concludes that the action must be remanded for other reasons, it need not reach the rarely-addressed question of whether an action is removable if it arises under both a state workmen's compensation law and also other laws.  In any event, Plaintiff has not raised the matter, and courts have held that § 1445(c)'s rule describes a "defect[] in procedure" that is waived unless raised within 30 days.  *See In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 533 F. Supp. 2d 557, 562 & n.35 (S.D.N.Y. 2007) (so holding, and collecting cases).

were included in his amended complaint in state court in "error" stretches credulity, particularly

because his motion in state court to amend his complaint specifically listed the federal claims as

having been raised before the CHRO and are specifically set forth in the amended complaint. (*See*

1st Am. Compl.; Pl.'s Req. for Leave to Amend, Ex. B. to Not. Remov.)  Moreover, Plaintiff's position

that "all of this would have been probably ironed out" before he filed his amended complaint in state

court "if defense counsel" had informally raised the issue of removability and the question of the

EEOC's release of jurisdiction (Oral Arg. Tr. at 2; *accord* Pl.'s Opp'n to Sanctions [Doc. # 18] at ¶ 7)

both misconstrues the obligations of defense counsel—which do not include among them the

obligation to informally advise opposing counsel of potential defects in or effects of amended

pleadings—and elides the fact that Plaintiff's counsel could just as easily have informally discussed

his intention to amend to add these claims with defense counsel.  In addition, Plaintiff argues that

fees and costs are not appropriate because removal was improper in light of the absence of any

allegation in the amended complaint that Plaintiff had received a right-to-sue letter from the EEOC

regarding his federal–law claims.  (Pl.'s Opp'n at ¶ 8.)  This argument is misplaced, however, because

"exhaustion [of administrative remedies] . . . is a matter to be raised as an affirmative defense,"

*Downey v. Runyon*, 160 F.3d 139, 146 (2d Cir. 1998), and "[t]he pleading requirements in the Federal

Rules of Civil Procedure . . . do not compel a litigant to anticipate potential affirmative defenses . . .

and to affirmatively plead facts in avoidance of such defenses," *Abbas v. Dixon*, 480 F.3d 636, 640

(2d Cir. 2007).  Thus, Scapa properly "first . . .ascertained that the case . . . ha[d] become removable"

when Neal filed the amended complaint.  *See* 28 U.S.C. § 1446(b).  Finally, Plaintiff's argument that

fees and costs are not warranted because "the defendant unilaterally moved to remove this matter

to federal court without first contacting plaintiff's counsel or confirming that removal was

appropriate," and thus "defendant's unilateral action to remove plaintiff's case to federal court has

caused unnecessary work" (Pl.'s Opp'n at ¶¶ 7–8) misconceives the nature of removal.  A removing

defendant has no obligation to confer with or obtain the consent of a plaintiff or the state court

before removing a case.  *See Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109

(2d Cir. 1999) ("Removal is done *ex parte* and without need of a court order.  A defendant removes

a case from state court to federal court simply by filing a signed notice of removal in the United

States district court." (citing 28 U.S.C. § 1446(a) (setting forth procedure for removal))).  Thus,

contrary to Plaintiff's contentions, the amended complaint was properly removable, and Defendant

followed the proper procedure in removing it.

Nonetheless, an award of costs and fees is not appropriate here.  As set forth above, the

removal was proper, and although the Second Circuit has not specifically addressed the question,

courts agree that "section 1447(c) does not authorize an award of costs or fees when the initial

removal was proper."  *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995); *accord Suder*

*v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) ("What *is* required to award fees . . . is a

showing that the removal was improper *ab initio.*" (emphasis in original)); *Fleet Nat'l Bank v.*

*Weightman Group*, No. 02Civ.9556(KMW)(DF), 2003 WL 21781967, *5 (S.D.N.Y. Jun. 19, 2003)

("28 U.S.C. § 1447(c) does not appear to cover the situation presented by this case, where the

removal itself was proper.  Further, sanctions under Section 1447(c) are available only to the party

*seeking* remand." (emphasis in original, internal citation omitted)); *Property Clerk, New York City*

*Police Dep't v. Fyfe*, 197 F. Supp. 2d 39, 42 (S.D.N.Y. 2002); ("§ 1447(c) does not provide for an

award of costs and fees to the party opposing remand"); *Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 600

(D. Md. 2008) ("Although section 1447(c) permits an award of costs and expenses to a party seeking

6

remand of a case improperly removed, it does not permit such an award in a case where the initial

removal was proper."). This is so because costs and fees incurred thereafter are not incurred "*as a*

*result* of the removal," 28 U.S.C. § 1447(c) (emphasis added), but simply *after* removal. As the Ninth

Circuit has explained:

> Where the removal was proper but plaintiffs take action subsequent to removal to
> precipitate remand, the expense of opposing remand would not have been incurred
> absent the removal. That expense, however, is proximately caused by the plaintiffs'
> subsequent action rather than by the removal itself. Such an expense, therefore, is
> not "a result of the removal," and therefore is not authorized under section 1447(c).

*Baddie*, 64 F.3d at 490; *accord Ramotnik*, 468 F. Supp. 2d at 600–01. And this is so even where, as

here, the court remands an action after the plaintiff withdraws the federal–law claims on which the

defendant's assertion of federal–question jurisdiction had properly been based. *See, e.g.*, *Baddie*, 64

F.3d at 491 (reversing award of fees and costs and holding that where plaintiff, "apparently quite

desperate to avoid federal court," withdrew federal claims "with all due speed after removal" in order

to choose his state forum over his federal claims, award of fees and costs was not warranted because

plaintiff's "tactical decision" was "straight-forward" and "legitimate" rather than manipulative);[5]

*Ramotnik*, 568 F. Supp. 2d at 603 (holding that in light of § 1447(c)'s objective of "'deterring

improper removal,'" defendant not entitled to costs and fees where plaintiff amended complaint to

omit federal claims in order to destroy federal–question subject–matter jurisdiction," since "it is not

---

[5] In *Baddie* the Ninth Circuit reversed the district court and in effect another district–court case that employed the same reasoning. *See Barraclough v. ADP Auto. Claims Servs., Inc.*, 818 F. Supp. 1310 (N.D. Cal. 1993); *Baddie v. Berkeley Farms, Inc.*, No. C–93–2379 VRW, 1993 WL 317306, *2 (N.D. Cal. Aug. 18, 1993) (citing *Barraclough* and *Austwick v. Bd. of Educ. of Township High School Dist. # 113, County of Lake*, 555 F. Supp. 840, 842 (N.D. Ill. 1983)), *rev'd in pertinent part*, 64 F.3d 487 (9th Cir. 1995); *see also* Judicial Improvements and Access to Justice Act, Pub. L. 100-702, § 1016(c), 102 Stat. 4642, 4670 (Nov. 19, 1988) (enacting current version of § 1447(c)).

bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court. Such a remand is the risk that a removing defendant takes." (quoting *Circle Indus. USA*, 183 F.3d at 109)); *see also Singh v. Prudential Ins. Co. of Am.*, 200 F. Supp. 2d 193, 199 (E.D.N.Y. 2002) ("there is no *per se* prohibition against dropping federal claims in order to avoid federal jurisdiction"); *Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 519 (D. Md. 2006) ("Although Plaintiff is apparently seeking to dismiss his ADEA claim in an effort to destroy federal jurisdiction, such 'jurisdictional maneuvering,' as Defendants call it, is not evidence of bad faith.  Rather, a plaintiff is entitled to allege in state court whatever claims he chooses and then dismiss them, with leave of court, upon removal.")

Nothing about the procedural history of this case suggests bad faith.  Defendant argue that although the removal alerted Plaintiff to his pleading error, "he made no attempts to immediately correct it, but rather sat idle for weeks, necessitating the need for" the hearing on September 28, 2009, during which Plaintiff's counsel claimed error and neglect and sought an opportunity to remand.  (Def.'s Response & Mot. at 2.)  This is not the case.  Although Plaintiff did not formally move to amend his complaint until after the hearing, in his initial motion to remand—which he filed less than two weeks after removal and which remained pending until the hearing—he asserted that he sought remand to state court to proceed with his claims "alleging violations of only state law" and stated that he "agree[d] to file an amended complaint voluntarily withdrawing all claims arising under the laws of the United States" in order to have the case remanded.  (Pl.'s 1st Mot. Remand [Doc. # 10] at ¶ 6.)  This sequence of events provides no basis for any conclusion that he amended his complaint in state court to add the ADA and ADEA claims "for the purpose of prolonging litigation and imposing costs on the opposing party," *Martin*, 546 U.S. at 141, and the case-law

shows post-removal amendments designed to effectuate remand to be not uncommon and not improper, so this case does not present other "unusual circumstances" justifying an award of fees and costs, *id.* For these reasons, the Court will impose no costs and fees on Plaintiff under § 1447(c).[6]

For the foregoing reasons, Plaintiff's Second Motion to Remand to State Court [Doc. # 15] is GRANTED, Defendant's Motion for Sanctions [Doc. # 16] is DENIED, and the Clerk is directed to remand this case to the Superior Court of Connecticut, Judicial District of Hartford, at Hartford.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of May, 2010.

---

[6] A footnote in its Response and Motion suggests that Scapa seeks sanctions under Federal Rule of Civil Procedure 11 in light of what it describes as Plaintiff having asserted claims that even he has "argued . . . are clearly not supported by law." (*See* Def.'s Response & Mot. at 2 n.3.) Sanctions under Rule 11 are not warranted. Plaintiff has consistently argued to this Court that he should be permitted to drop the ADA and ADEA claims based on procedural defects and his own preferences, and contrary to Scapa's insinuations, Plaintiff has never asserted to this Court that the federal–law claims are meritorious. Moreover, Scapa has not followed the procedure required to move for sanctions under Rule 11 since it combines its request for sanctions with a response to remand and references Rule 11 only in a footnote, even though the "motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). In any event, where an opposing party seeks sanctions under Rule 11, "the challenged lawyer has a 21-day 'safe harbor' to withdraw or amend" the allegedly deficient submission, *see, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (citing Fed. R. Civ. P. 11(c)(2)), and in this case Plaintiff sought to withdraw the deficient claims by amendment before Defendant even moved for sanctions. In sum, Rule 11 provides no grounds to impose sanctions against Plaintiff in this case.